1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

12   NORMAN WIEDNER,                ) Case No. CV 09-01911 JFW (AN)
                                     )
13              Petitioner,          ) **ORDER TO SHOW CAUSE RE**
                                     ) **DISMISSAL OF PETITION FOR**
14        v.                         ) **WRIT OF HABEAS CORPUS BY A**
                                     ) **PERSON IN STATE CUSTODY AS**
15   JOHN F. SALAZAR, WARDEN,        ) **TIME-BARRED**
                                     )
16              Respondent.          )
                                     )
17   _____ )

18

19                        **I. BACKGROUND**

20        Before the Court is a petition for a writ of habeas corpus brought by Norman

21   Wiedner ("Petitioner"), a state prisoner proceeding *pro se*.  The Petition is brought

22   pursuant to 28 U.S.C. § 2254 and challenges a 2002 adverse prison disciplinary

23   decision.  For the reasons set forth below, Petitioner is ordered to show cause why his

24   Petition should not be dismissed with prejudice because it is time-barred.

25   ///

26   ///

27   ///

28

**II.  DISCUSSION**

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997) (en banc).  In relevant part, § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became

1    final by the conclusion of direct review or the

2    expiration of the time for seeking such review;

3    ... or

4    (D) the date on which the factual predicate of

5    the claim or claims presented could have been

6    discovered through the exercise of due

7    diligence.

8        Where, as here, the petition contests an adverse state administrative decision of

9    a prison disciplinary proceeding rather than a state court judgment, § 2244's one-year

10   limitation period still applies and the date the statute of limitations begins to run is

11   determined under subparagraph (D) of § 2244(d)(1) -- the date when the factual

12   predicate of the claim could have been discovered by the petitioner through the

13   exercise of due diligence.  In prison disciplinary matters, this date is typically the date

14   the prison disciplinary decision becomes final on administrative review.  *See Shelby

15   v. Bartlett*, 391 F.3d 1061, 1063-66 (9th Cir. 2004) (holding AEDPA's limitation

16   period applies "even if the petition challenges a pertinent administrative decision rather

17   than a state court judgment," and that the factual predicate under § 2244(d)(1)(D) is the

18   date the state prisoner received notice that his administrative appeal challenging the

19   revocation of good time credits was denied); *see also Redd v. McGrath*, 343 F.3d 1077,

20   1079 (9th Cir. 2003) (limitations period began to run when parole board denied

21   prisoner's administrative appeal challenging the board's decision that he was

22   unsuitable for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000)

23   (limitations period generally begins to run "when the prisoner knows (or through

24   diligence could discover) the important facts, not when the prisoner recognizes their

25   legal significance."); *accord, Arceo v. Tilton*, No. 07-CV-2131 W(BLM), at *2-*3

26   (S.D. Cal. Dec. 12, 2008) (when a petitioner challenges loss of good-time credits, §

27   2244(d)(1)(D) applies for purposes of the timeliness analysis); *Braxton v. Kane*, No.

28   C 05-2572 JSW (PR), at *1-*2 (N.D. Cal. June 13, 2008).  Subparagraph (A) of §

1   2244(d)(1) does not apply in prison disciplinary proceedings cases because the

2   decision constitutes an administrative ruling, not a state court judgment.  *Redd*, 343

3   F.3d at 1081-82; *Shelby*, 391 F.3d at 1066 (citing *Redd*'s holding that "§ 2244(d)(1)(D)

4   -- rather than subsection (A) -- [applies] to habeas petitions that challenge

5   administrative bodies such as parole and disciplinary boards.")

6          Moreover, in *Redd*, a unanimous Ninth Circuit panel explained the factual

7   predicate is determined "by inquiring when [the prisoner] could have learned of the

8   factual basis for his claim through the exercise of due diligence."  *Id*. at 1082.  In cases

9   where a prisoner seeks federal habeas review of an adverse disciplinary matter, the

10  *Redd* panel determined the factual predicate is the prisoner's discovery that his adverse

11  disciplinary decision has become final for purposes of administrative review:

12              We agree with the district court that the factual basis

13          of Redd's habeas claims was the Board's denial of his

14          administrative appeal on December 7, 1998.  Redd does not

15          dispute that he received notice of the Board's decision on

16          December 7.  The limitations period therefore began to run

17          the following day.

18  *Id*; *see also Shelby*, 391 F.3d at 1066.  The *Redd* panel further emphasized this is true

19  even though a petitioner's claim may technically still be unexhausted within the

20  meaning of AEDPA:

21              We are sympathetic to the concern that under our

22          construction of § 2244(d)(1)(D) the statute of limitations

23          began running at a time when Redd could not have

24          presented his claim in federal court because the claim had

25          not yet been exhausted.

26              AEDPA nonetheless clearly contemplates that for

27          habeas claims falling under § 2244(d)(1)(D), the statute of

28          limitations will begin to run before exhaustion of state

Page 4

1    remedies and thus before the federal petition can be filed.

2                                  * * * *

3             Thus, the date of the "factual predicate" for Redd's

4    claim under § 2244(d)(1)(D) is not determined by asking

5    when Redd satisfied AEDPA's exhaustion requirement;

6    rather, it is determined independently of the exhaustion

7    requirement by inquiring when Redd could have learned of

8    the factual basis for his claim through the exercise of due

9    diligence.  This occurred when the Board denied Redd's

10   administrative appeal.

11   *Redd*, 343 F.3d at 1082-84.

12        The pending Petition establishes Petitioner is a state prisoner who is currently

13   confined at the Chuckawalla State Prison in Blythe, California, and that he is serving

14   a prison sentence for a 1999 conviction that he sustained in the Pomona Superior Court

15   for Los Angeles County (case no. KA043540).  However, his Petition is not directed

16   at his 1999 conviction and sentence.  Instead, Petitioner challenges the execution of his

17   sentence, specifically, the loss of 360 days of good-time credits for possessing an

18   inmate-made illegal weapon that was discovered in his cell on October 18, 2001, when

19   he was housed at the Calipatria State Prison, a violation of Cal. Code Regs. tit. 15, §

20   3006(a). (Pet. at 5-6, Ex. A Mem. at 2, 6, Ex. K.)   Petitioner lost the good time credits

21   for this weapons infraction following a California Department of Corrections ("CDC")

22   prison disciplinary hearing that occurred on November 15, 2001.[1/]  (*Id*.)  Thereafter,

23   Petitioner administratively challenged the disciplinary board's decision by filing a

24

25        [1/]   Venue in this Court is proper since Petitioner is challenging the execution

26   of his sentence and he is currently confined at the Chuckawalla State Prison, which is

27   in Riverside County.  *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir. 1989) ("The
     proper forum to challenge the execution of a sentence is the district where the prisoner

28   is confined."); 28 U.S.C. § 84(c) (Riverside county is part of C. D. Cal.)

progressive round of inmate 602 appeals.  (Pet. Ex. W, Attach. 4-6, inclusive.)   The disciplinary board's decision became final on June 20, 2002 -- the date Petitioner's 602 appeal was denied at the Director's level of review.[2/]  (Pet. Attach. 4.)   Consequently, the factual predicate for Petitioner's pending claims accrued on this date.   The limitation period then started to run the next day, June 21, 2002, and ended a year later on June 20, 2003.  *Redd*, 343 F.3d at 1082; *Shelby*, 391 F.3d at 1066.  Petitioner missed the deadline because he did not sign and constructively file his pending Petition until March 16, 2009[3/] -- 2,096 days (nearly 6 years) after the statute expired.  Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

---

[2/]   Records attached to the Petition as part of Exhibit F disclose that, six years after the CDC denied Petitioner's final Director's level review on June 20, 2002, Petitioner commenced an unsuccessful second round of 602 inmate appeals directed at his loss of the same good-time credits.  (Pet. Ex. F, thereto)   In this second round, Petitioner argued confidential information provided by another inmate that was used to find him guilty of the weapons charge was no longer confidential and should be disclosed since Petitioner had been transferred to a different prison. (*Id.*)   He alleged information contained in the confidential memorandum would show he was innocent of the weapons charge.  (*Id.*)   Petitioner is not challenging the adverse administrative decisions relating to his second round of 602 appeals in his pending Petition.  Indeed, the state appellate record shows Petitioner completed one round of state habeas review directed at the CDC's initial adverse decision well before he even initiated the second round of 602 appeals.  (*Compare* Pet. Exs. B-D, inclusive *with* Ex. F, thereto.) Consequently, for purposes of the timeliness analysis and tolling, Petitioner's second round of 602 appeals is irrelevant.

[3/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed on March 20, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 16, 2009, the date he signed the Petition and accompanying proof of service, the earliest date he could have delivered his Petition to prison authorities for mailing to the Court.  (Pet. at 8; Proof of Service.)

1  tolling.

2  **C.   Statutory Tolling**

3       AEDPA provides a statutory tolling provision that suspends the limitation period

4  for the time during which a "properly-filed" application for post-conviction or other

5  collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*,

6  548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir.

7  2005).  An application is "pending" until it has achieved final resolution through the

8  state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

9  2134 (2002).  The limitation period is not tolled between the time a final decision is

10  issued on direct state appeal and the time a state collateral challenge is filed because

11  there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

12  (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  On collateral

13  review, however, "intervals between a lower court decision and a filing of a new

14  petition in a higher court," when reasonable, fall "within the scope of the statutory

15  word 'pending'" thus tolling the limitations period.  *Saffold*, 536 U.S. at 221, 223;

16  *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

17       A California prisoner must seek judicial review of an adverse prison disciplinary

18  board decision by filing a state habeas petition because California does not provide for

19  direct judicial review of adverse administrative decisions.  *Redd*, 343 F.3d at 1079

20  (*citing In re Sturm*, 11 Cal. 3d 258, 113 Cal. Rptr. 361 (1974)).  Consistent with this

21  principle, Petitioner sought state collateral review of the prison disciplinary board's

22  final administrative decision.

23       Petitioner did not file his first state habeas petition with the Riverside County

24  Superior Court until December 12, 2007, 1,636 days after the expiration of the

25  limitation period.  (Pet. Ex. D; Official records of California courts.[4])  Consequently,

26

27       [4]   The Court takes judicial notice of Petitioner's records in the state appellate

28                                                                      (continued...)

1    Petitioner is not entitled to statutory tolling for any of his state habeas petitions because
2    all of them were filed long after the limitation period expired.[5/]  It is firmly established
3    that to qualify for statutory tolling during the time the petitioner is pursuing collateral
4    review in the state courts, his *first* state habeas petition must be constructively filed
5    *before*, not after, the expiration of AEDPA's one-year limitation period.  *Ferguson v.*
6    *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the
7    reinitiation of the limitation period that has ended before the state petition was filed");
8    *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition
9    after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster*
10   *v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed
11   following the expiration of the limitations period cannot toll that period because there
12   is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.
13   2001).

14        Accordingly, the face of the Petition, memorandum, attached exhibits, and
15   relevant state court records establish that this Petition, constructively filed on March
16   16, 2009, is untimely by 2,096 days (the amount of untolled time between the
17   limitation deadline (06/20/03) and the Petition's constructive filing date (03/16/09)).

18   **D.    Equitable Tolling**

19        The United States Supreme Court has not yet decided whether AEDPA's
20   limitation period allows for equitable tolling but it has assumed without deciding that

21

22        [4/]   (...continued)
23   courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See*
     *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial
24   notice of relevant state court records in federal habeas proceedings).

25        [5/]   *See Wiedner v. Tilton*, No. INC072993, Cal. Super. Ct. (filed Dec. 12, 2007,
26   denied Dec. 19, 2007); *In re Norman Wiedner on Habeas Corpus*, No. E045012, Cal.
     App. Ct., 4th Dist./Div. 2 (filed Jan. 31, 2008, denied Feb. 04, 2008); *Wiedner*
27   *(Norman) on H.C.*, No. S161356, Cal. Supreme Ct. (filed Mar. 3, 2008, denied Mar.
28   26, 2008).  (Pet. Exs. A-D, inclusive; Official records of California courts.)

1    it is available where the parties have agreed.  *Lawrence v. Florida*, 549 U.S. 327, 336,

2    127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for

3    equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)

4    ("We have never squarely addressed the question whether equitable tolling is

5    applicable to AEDPA's statute of limitations.").

6          Although the Ninth Circuit has found equitable tolling is available,  *Harris v.*

7    *Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that

8    "[e]quitable tolling is justified in few cases," and that "the threshold necessary to

9    trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the

10   rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292

11   F.3d 1063, 1066 (9th Cir. 2002) (same).  "This high bar is necessary to effectuate the

12   'AEDPA's statutory purpose of encouraging prompt filings in federal court in order

13   to protect the federal system from being forced to hear stale claims.'" *Mendoza v.*

14   *Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).    Further, "[e]quitable tolling

15   determinations are 'highly fact-dependent,'" *Id*.  The petitioner "bears the burden of

16   showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432

17   F.3d 1021, 1026 (9th Cir. 2005).

18         Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking

19   equitable tolling bears the burden of establishing two elements:  (1) that he has been

20   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

21   his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418.  *Pace*'s diligence prong

22   requires the petitioner to show he engaged in reasonably diligent efforts to file his §

23   2254 petition throughout the time the limitation period was running. *Mendoza*,  449

24   F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that

25   equitable tolling requires a showing that "the party seeking equitable tolling must have

26   acted with reasonable diligence throughout the period he seeks to toll" and

27   "extraordinary circumstances prevented him from filing his petition on time"). Further,

28   the petitioner must demonstrate that he exercised reasonable diligence in attempting

to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.  Here, Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

## O R D E R

Based upon the foregoing, the Court finds the Petition, attachments, exhibits, and relevant state court records indicate the Petition is untimely.  Accordingly, Petitioner shall have until **May 6, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred.  In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.  If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason.  Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.  Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

1     IT IS SO ORDERED.

2

3     DATED: April 15, 2009                    ARTHUR NAKAZATO
                                      _____
4                                          ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28